*Law Office of*
PHILIP KIMBLE, P.C.
*Post Office Box 13288*
*Tucson, Arizona 85732*
*(520) 404-6144*
*pmtkimble@gmail.com*
*Arizona Bar Number: 009741*

Attorney for Defendant Roy Lee Cherry, Jr.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | ) | |
|---|---|---|
| | ) | CR 25-00604-TUC-JGZ (BGM) |
| Plaintiff, | ) | |
| | ) | APPEAL OF MAGISTRATE |
| vs. | ) | JUDGE'S ORDER OF |
| | ) | DETENTION AND DENIAL |
| Roy Lee Cherry, Jr. | ) | OF MOTION TO |
| | ) | RECONSIDER DETENTION |
| Defendant. | ) | |
| _____ | ) | |

Defendant Roy Cherry, through counsel undersigned, hereby appeals the Hon. Bruce G. Macdonald's order denying Defendant's Motion to Reconsider Detention (Doc. 21), which requested review of the Hon. Jacqueline M. Rateau's original order of detention. (Doc. 13), for the reasons more fully set forth herein.

I.     FACTS

Mr. Cherry was arrested on February 25, 2025, on an indictment charging conduct allegedly occurring in March and June 2023. He has arrested at the home in

1

which he has lived for five years and which he shares with his girlfriend and three of his children, ages 3, 11, and 15. Mr. Cherry has significant ties with the community and a third-party custodian was proposed to the Court. After the initial potential custodian was deemed not appropriate because of the distance she lived from Mr. Cherry, an alternative was offered and deemed suitable by Pretrial Services. As further security Mr. Cherry offered to post a bond of at least $2,000, was willing to accept travel restrictions, electronic monitoring (his home has a land-line telephone), and any other conditions ordered by the court. Mr. Cherry's mother, whose permanent home is in Tucson, was also willing to serve as an additional third-party custodian, although Defendant pointed out that her work requires her to travel often, sometimes for extended periods of time.

Mr. Cherry's two older children living in his home are in school, and Mr. Cherry is the primary caretaker for all three since he is a stay-at-home father. The children's school had contacted Mr. Cherry's mother, concerned that he is not currently in the home. There had been no concerns regarding their care and well-being prior to Mr. Cherry's detention and these concerns would be removed if he is able to return home. Finally, Mr. Cherry has been designated as seriously mentally ill, with several diagnosed disorders. However, his condition has been well managed with services provided through Community Health Associates. It would greatly benefit his mental health if he is able to resume that treatment. There is nothing in

Mr. Cherry's background that would realistically suggest that he is a risk of flight. All of his ties—most importantly his under-age children and stable home—are in Tucson. Also, although the indictment charges firearms related offenses, there is no allegation of any harm or threat to another person. Since the date of the allegations in the indictment Mr. Cherry's only law enforcement contact has been a misdemeanor charge of interfering with a crime scene, which apparently is based on Mr. Cherry moving his car which was parked in an area where Tucson Police were investigating a crime not involving Mr. Cherry. The attorney representing him in that matter has informed counsel undersigned that Mr. Cherry has been offered diversion, and that there is a strong possibility that the charge will be dismissed.

II. LAW

The magistrate judge's order of detention pending trial is subject to review pursuant to 18 U.S.C. § 3145, (b) and (c). The district court reviews the magistrate judge's order *de novo*. *United States v. Koenig*, 912 F.2d 1190 (9th Cir. 1990).

The magistrate judge's order of detention (Doc. 13), is based on a finding that: "There is a serious risk that the defendant will not appear and/or is a flight risk and that no condition or combination of conditions will reasonably assure the defendant's appearance." (Doc. 13, Other Findings (7)) and "Other Reasons or Further Explanation: <u>as stated on the record</u>." (Doc. 13, Other Findings (13)).

The magistrate judge specifically did not make a finding of a rebuttable

3

presumption pursuant to 18 U.S.C. §3142(e)(3), although the indictment does charge a violation of 21 U.S.C. §841(a)(1) and 841(b)(1)(C).

However, even if the presumption is applied, because it is rebuttable the court must still make an individualized consideration of the need for detention. *United States v. Salerno*, 481 U.S. 739, 755 (1987). The presumption has been interpreted to place the burden of production, but not persuasion on the defendant. *See, e.g. United States v. Dillon,* 938, F.2d 1414 (1st Cir. 1991); *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991); *United States v. Rueben*, 974 F.2d 580 (5th Cir. 1992).

In this case, Defendant has produced abundant grounds to rebut the presumption of detention by establishing that (1) for more than 21 months since he allegedly committed the charges now before the court he has continued to live in the same home in which he has resided for five years[1]; (2) he lives in that home with his three minor children for whom he is the primary caretaker, two of whom are in school locally; (3) during the past 21 months he has not been alleged to have committed any criminal act except for a *de minimis* misdemeanor charge for which the worst case scenario is deferred prosecution; (4) among his many ties to Tucson are multiple individuals who offered to serve as third-party custodians for

_____

[1] Mr. Cherry was detained on June 5, 2023, the date which the indictment alleges the commission of two crimes. Certainly, by that time he was aware of the government's investigation and possible charges and could have fled if he had intended to avoid prosecution.

4

Defendant, at least one of whom was deemed suitable by Pretrial Services; (5) Defendant has offered to post a bond in an amount of not less than $2,000 to ensure his appearance for future hearings; and (6) he has agreed to accept any conditions of release ordered, including travel limitations, home detention, and electronic monitoring. Finally, there are no firearms or other weapons in Mr. Cherry's home.

Defendant having produced credible evidence showing reasonable assurance that he will appear as ordered and not endanger the community, the burden of persuasion on the question of detention is on the government. *Dillon*, supra, at 1416; *United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990); *United States v. Stricklin*, 932 F.2d 1353, 1354 (10th Cir. 1991) (If the presumption is not rebutted, the court gives it effect but that does not excuse the government from carrying its burden of persuasion.) Here the government relied entirely on the presumption, and the magistrate in the original order of detention did not make any written findings of fact other than the conclusory statement that, "[t]here is a serious risk that the defendant will not appear and/or is a flight risk and that no condition or combination of conditions will reasonably assure the defendant's appearance," which is contrary to the requirement of 18 U.S.C. §3142(i)(1). A conclusory recitation of the language of §3142(i) has been found not to satisfy the requirements of written factual findings. *United States v. Ridinger*, 623 F.Supp. 1386, 1394 (W.D. Mo. 1985). The magistrate judge's order denying Defendant's Motion to Reconsider Detention similarly made

no findings of fact.

III.    CONCLUSION

The Ninth Circuit has held:

"The Bail Reform Act of 1984, 18 U.S.C. §§ 3141, et seq., requires the release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(c)(2); *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir.1985). Only in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor. *Motamedi*, 767 F.2d at 1405. On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community. Id. at 1406-07." *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991).

Here, Defendant has overcome any presumption of detention (despite the magistrate judge apparently not relying on the presumption in ordering his detention) and has offered numerous reasonable alternatives to detention. The government has not shown that this is the rare case in which release on certain restrictions should not be allowed.

For the foregoing reasons Defendant appeals the magistrate judges' orders of detention and denial of his Motion to Reconsider Detention and order his release on the least restrictive conditions that will reasonably assure his appearance as required and the safety of the community.

RESPECTFULLY SUBMITTED: April 3, 2025

s/*Philip Kimble*

Philip Kimble
Attorney for Defendant Roy Cherry, Jr.